2026 IL App (1st) 250482-U

No. 1-25-0482

Order filed March 24, 2026

SECOND DIVISION

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | |
| | ) | Appeal from the Circuit Court |
| Plaintiff-Appellee, | ) | of Cook County |
| | ) | |
| v. | ) | No. 19 CR 6839 |
| | ) | |
| HELENE WILLIAMS | ) | Honorable |
| | ) | Carol Howard, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE D.B. WALKER delivered the judgment of the court.
Presiding Justice Van Tine and Justice McBride concurred in the judgment.

**ORDER**

¶ 1    *Held*:  This court lacks jurisdiction to review defendant's claims, as her appeal is not taken from a final and appealable judgment. Appeal dismissed.

¶ 2    On April 16, 2019, Helene Tonique Williams (defendant) was arrested for unlawful possession of a firearm. The circuit court found the arrest to be unconstitutional and suppressed the firearm recovered from her person. The State subsequently submitted a *nolle prosequi* motion indicating its intent to abandon its prosecution of the charges. Defendant nonetheless appeals, citing various ways in which she was allegedly mistreated during the

pendency of the prosecution, as well as requesting that we reinstate her Firearm Owner's Identification card (FOID card) and her concealed-carry license. As we lack jurisdiction to hear her claims, we dismiss this appeal.

¶ 3                                  I. BACKGROUND

¶ 4        To say that defendant's brief on appeal provides scant information from which to examine her claims of error would be generous. We recognize that defendant represented herself *pro se* for much of her time before the circuit court, and that she continues to do so on appeal. However, "[i]n Illinois, parties choosing to represent themselves without a lawyer must comply with the same rules and are held to the same standards as licensed attorneys." *Holzrichter v. Yorath*, 2013 IL App (1st) 110287, ¶ 78. "[P]*ro se* litigants are presumed to have full knowledge of applicable court rules and procedures and must comply with the same rules and procedures as would be required of litigants represented by attorneys." *Id.*

¶ 5        Defendant's brief fails to comply with Illinois Supreme Court Rule 341(d) (lack of necessary information on the cover), 341(h)(1) (lack of a table of contents and a list of points and authorities[1]), 341(h)(2) (lack of a list of issues presented), 341(h)(4) (lack of a statement of jurisdiction), 341(h)(5) (lack of a list of statutes involved), 341(h)(6) (failure to state the facts *without argument or comment*, and with reference to the record on appeal), 341(h)(7) (lack of citation to the record and to authorities), and 341(h)(8) (lack of a conclusion stating the relief sought). Ill. S. Ct. R. 341(h) (eff. Oct 1, 2020).

¶ 6        Despite these deficiencies, and despite the fact that we have only defendant's opening brief and the record on appeal to guide us, we choose to review defendant's appeal nonetheless for the sake of finality and judicial economy.

---

[1] This discrepancy may result from defendant's decision to not cite to any points or authorities of law.

¶ 7                                                    A. The Arrest

¶ 8         As defendant does not recount the events of the arrest in her brief, we rely on the police incident report filed after her arrest to provide the core facts necessary for this appeal. On April 16, 2019, Officer Fernando Moctezuma (Moctezuma) responded to a call of "a person with a gun" on S. Ashland Street near E 62nd St.  Upon arriving at the scene only a few minutes later, Moctezuma saw defendant, a woman, wearing the described clothing (blue jeans, a green shirt, and a black hat), who "had a gun sticking out of her front pocket." When asked if she had a gun on her person, defendant responded affirmatively. Moctezuma and backup officers recovered a loaded firearm from defendant's person. When asked about the firearm, the offender stated she had a carry and conceal. Officers ran a check on defendant's information and found no valid concealed-carry license. It was then that the officers believed they took defendant into custody. Defendant testified that she was searched by male officers even though there were female officers present and available to perform the search.

¶ 9                                                B. Motion to Suppress

¶ 10        On August 26, 2024, defendant filed a motion to suppress evidence, specifically the firearm recovered from her front pocket. Although defendant made a number of arguments on this point, including that the bodycam video did not show how the search was performed and when the handgun was recovered, the circuit court's articulated reason for granting the motion and suppressing the firearm as evidence was that defendant was taken into custody before the officers received the information from dispatch that defendant did not have a valid concealed-carry license. Accordingly, the detention and arrest were illegal, and the firearm could not be entered into evidence. The State filed a motion to reconsider, but it was denied.

¶ 11    On February 21, 2025, the State entered a *nolle prosequi* motion signaling its abandonment of the prosecution. On March 5, 2025, defendant filed a notice of appeal. The appeal form used includes a prompt that reads: "If appeal is not from a conviction, nature of order appealed from," to which defendant responded: "I seek a final order of dismiss[al]/reinstatement of my FOID/Concealed Carry I.D. card as well as my guns!"

¶ 12                                    II. ANALYSIS

¶ 13    Defendant makes no arguments on appeal and cites no authority. She asserts that 1) she was held in contempt of court, 2) she was held "in contempt of prison," 3) she was placed on home confinement for 7 months, 4) she had her FOID card and concealed-carry license revoked, 5) she was "reported to the Illinois State Police for a wrongful mental illness," 6) her Second Amendment rights were violated, 7) her "freedom rights" were violated, and 8) her character was violated. On appeal, she seeks reinstatement of her FOID card and concealed-carry license, "leave for [her] lost of enjoyment of life," and punitive damages.

¶ 14    Aside from these assertions being unsupported by argument and authority, not being connected directly to the factual account, such as it exists, and largely being inappropriate subject matter for a criminal appeal, this court also has no jurisdiction to hear this appeal. We have an independent duty to consider jurisdiction, even if the matter is not raised by the parties. *Ontiveroz v. Khokhar*, 2025 IL 130316, ¶ 1. The most basic requirement of an appeal is that there must be a final judgment to be reviewed. Ill. S. Ct. R. 606(b) (eff. April 15, 2025) (allowing appeals within 30 days of the entry of final judgment). Here, there has been no final judgment, as "[a] *nolle prosequi* is not a final disposition of the case ***. It is not an acquittal, but it is like a nonsuit or a discontinuance in a civil suit, and leaves the matter in

the same condition in which it was before the commencement of the prosecution." *People v. Milka*, 211 Ill. 2d 150, 172 (2004) (quoting *People v. Daniels*, 187 Ill. 2d 301, 312 (1999)).

¶ 15    As there was no final judgment from which to appeal, we lack jurisdiction to consider defendant's claims.

¶ 16                              III. CONCLUSION

¶ 17    For the foregoing reasons, defendant's appeal is dismissed.

¶ 18    Appeal dismissed.